ORDER APPROVING RESIGNATION FROM THE OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS.
 

 T1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Eddie D. Ramirez pending disciplinary proceedings, this Court finds:
 

 1. On January 31, 2007, Ramirez submitted his affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.
 

 2. Ramirez's affidavit was tendered freely and voluntarily; respondent was not subjected to coercion or duress; and respondent was aware of the consequence of submitting his resignation. Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. ch. 1, app. I-A (2001).
 

 3. Ramirez states the following grievances have been lodged and are pending with the Office of the General Counsel and that investigations are proceeding with regard to these matters:
 

 (a) DC 06-187, a grievance alleging that respondent represented Louis Fitzpatrick in a personal injury matter; that respondent coerced his client to accept a settlement of $150,000; that respondent received the checks and fraudulently endorsed at least one signature; that Respondent paid $30,000 to Fitzpatrick and promised to pay the remainder after all medical bills were paid; that respondent did not pay the medical bills in the amount of $6,504.25 which were turned over to collection; that respondent has not paid the remainder to Fitzpatrick; that respondent paid himself $50,000 in attorney's fees and paid medical bills of $18,689.87; that respondent may be entitled to another $10,000 in attorney fees; that respondent misappropriated at least $48,310.13 to his own use; that respondent failed to adequately communicate with Fitz patrick and failed to respond to the requests of the Oklahoma Bar Association.
 

 (b) DC 06-316, a grievance alleging that respondent represented Steve and Nanette Holloway in a personal injury case that settled for $21,100; that respondent received the checks and fraudulently endorsed at least one signature; that respondent took one-third as attorney's fees ($7,026.36), paid $9,800 to the Holloways and paid a medical bill of $2,825. Respondent failed to pay the ambulance bill ($445) which the Holloways paid with a ered-it card in order to keep the bill from going to collection. Respondent has not paid the remainder to the Hollo-ways but misappropriated at least $1,948.64 to his own use. Respondent falsely assured the Holloways that all bills incurred in the accident had been paid. Furthermore, respondent failed
 
 *1273
 
 to respond to the Tulsa County Bar Association; that he wrote but did not sign a letter to the OBA falsely stating that the payments had been made and copies of checks would be provided; that respondent failed to provide the copies or any further response to the OBA.
 

 (c) DC 06-366, a grievance alleging that respondent represented Geraldine Boyle in a personal injury case; that he stated the case had settled for $3,200; that he received the settlement money, gave a check for $1200 to Boyle who deposited it and wrote checks based on that deposit; that the check was returned for insufficient funds and Boyle's checks bounced. Respondent provided Boyle with a replacement check in the amount of $1,400. Respondent deducted the medical bills from the settlement in the amount of $1,256 but failed to pay the medical bills, failed to adequately communicate with the client and failed to respond to the requests of the OBA.
 

 (d) DC 07-001, a grievance alleging that respondent represented Jamie Ber-nal-Murphy and her family in a personal injury case; that settlement checks were issued totaling $16,500; that Respondent fraudulently endorsed at least one signature and falsely told his client that he could not distribute any funds from the settlement because her Med-Pay had filed a lien on the funds. Respondent assured her that the funds would be maintained in his trust account until the matter was resolved; that when confronted by her respondent gave her a post-dated check from his operating account for $2,294.08 and $2,000 cash; that respondent failed to pay the medical bills in the amount of $5,731.37; that respondent failed to adequately communicate with the client and failed to respond to the requests of the OBA.
 

 (e) DC 97-003, a grievance alleging that respondent represented Ruth Vickers in a personal injury matter; that the case settled for $8,000; that respondent received the checks and had Vickers endorse them. Respondent told Vickers that he would deposit the funds in his trust account and pay her and the medical providers in ten days-minus the attorney fees. Respondent failed to pay any money to Vickers or any medical providers; that he failed to adequately communicate with the client; and that he failed to respond to the requests of the OBA.
 

 (£) DC 97-006, a grievance alleging that respondent represented Buya Lutete in an immigration matter; that respondent met Lutete at a Quick Trip and received $400 in partial payment. Respondent avoided Lutete and failed to communicate with him or return Lutete's original immigration papers to him so that he could obtain new counsel and proceed on his immigration matter. Furthermore, respondent failed to refund the fee Lutete had paid.
 

 4. Respondent is aware that the allegations set forth concerning his conduct, if proven, would constitute violations of the Rules Governing Disciplinary Proceedings and the Oklahoma Rules of Professional Conduct, 5 O.S. ch. 1, app. 3-A (2001), as well as his oath of attorney, and he is aware that the burden of proof rests upon the Oklahoma Bar Association and respondent waives any and all right to contest the allegations set forth above.
 

 5. Respondent is aware that either the approval or disapproval of this resignation is within the discretion of the Supreme Court of Oklahoma.
 

 6. Respondent states that he has familiarized himself with the provisions of Rule 9.1, RGDP, and he agrees to comply with all provisions of Rule 9.1 within twenty (20) days following the date of his resignation.
 

 7. Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by
 
 *1270
 
 Rule 11, RGDP, and that he may not make application for reinstatement prior to the expiration of five (5) years from the effective date of this order.
 

 8. Respondent acknowledges and agrees to surrender his Oklahoma Bar Association ten-year membership card to the Office of the General Counsel immediately.
 

 9. Respondent acknowledges and agrees to cooperate with his attorney and the Office of the General Counsel in providing his current contact information and identifying any active cases wherein:
 

 (a) clients documents and files need to be returned to the client or forwarded to new counsel;
 

 (b) and any fees or funds are owed by respondent to clients and the amount owed.
 

 10. Respondent acknowledges that as a result of his conduct:
 

 (a) the Client Security Fund may receive claims from his former clients;
 

 (b) the Oklahoma Bar Association will attempt to contact respondent or his attorney for a response; and
 

 (c) the Client Security Fund Committee may recommend payment be made to the claimant from the Client Security Fund.
 

 Respondent agrees that should the OBA approve and pay such Client Security Fund claims, respondent will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.
 

 11. Respondent acknowledges that the Oklahoma Bar Association has incurred costs in the investigation of these matters in the amount of $645.38 and respondent agrees to pay those costs to the Oklahoma Bar Association within ninety (90) days from the date he tendered his resignation.
 

 12. Respondent's name and address appear on the official roster maintained by the Oklahoma Bar Association as follows: Eddie D. Ramirez, 9149 S. Yale Avenue, Ste. 206, Tulsa, Oklahoma 74137-1802. Respondent was admitted to the practice of law on October 16, 1985 and his bar number is 11479.
 

 12 IT IS THEREFORE ORDERED that complainant's application and respondent's resignation be approved.
 

 1{3 IT IS FURTHER ORDERED that respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order.
 

 14 IT IS FURTHER ORDERED that respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings.
 

 T5 IT IS FURTHER ORDERED that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct.
 

 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 20TH DAY OF FEBRUARY, 2007.
 

 /s/ James Winchester CHIEF JUSTICE
 

 ALL JUSTICES CONCUR.